IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TORRIE PARKER,              )
                            )
        Petitioner,         )
                            )
                            )   CIV-07-383-HE
v.                          )
                            )
WALTER DINWIDDIE, Warden,   )
                            )
        Respondent.         )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts a challenge to the eight convictions entered against him in the District Court of Oklahoma County in Case No. CF-88-5501. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing as untimely.

Although the Petition does not clearly identify the convictions that Petitioner attempts to challenge herein, Petitioner has attached to the Petition the orders entered in his state court post-conviction proceedings which more clearly set forth his convictions and sentences. These documents reflect that Petitioner was convicted in a jury trial in May 1990, of six

counts of Robbery with Firearms after former conviction of a felony and two counts of Attempted Robbery with Firearms after former conviction of a felony, for which he is serving consecutive sentences of 60 years, 70 years, 60 years, 60 years, 70 years, 70 years, 60 years, and 60 years of imprisonment, respectively. The Oklahoma Court of Criminal Appeals affirmed the convictions and sentences on March 7, 1994.

Petitioner states that he filed an application for post-conviction relief in the district court on June 24, 2006, and the application was denied on December 28, 2006. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of post-conviction relief on March 19, 2007.

A review of the Court's own records, of which the undersigned takes judicial notice, shows that Petitioner previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his convictions in Case No. CF-88-5501. <u>Torrie Parker v. Twyla Snider</u>, Case No. CIV-98-605-L. In that habeas proceeding, United States District Judge Tim Leonard entered an Order and Judgment on February 4, 1999, in which Judge Leonard dismissed the habeas action on the basis that the action was not timely filed under 28 U.S.C. § 2244(d)(1)(A) and that no statutory or equitable basis existed for tolling the limitations period.

Just as the previous habeas petition filed by Petitioner in this Court was not timely filed, the instant Petition is also clearly untimely under 28 U.S.C. § 2244(d)(1)(A). Petitioner's state convictions entered in Case No. CF-88-5501 became final on or about June 7, 1994, ninety days after the OCCA entered its decision in Petitioner's direct appeal, when

Petitioner did not seek certiorari review of the OCCA's decision by the Supreme Court.[1] Because the time period for Petitioner to file a habeas petition expired before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner had one year from April 24, 1996, in which to file his federal habeas Petition challenging his convictions in Case No. CF-88-5501. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998)(establishing "grace" period of one year from enactment of AEDPA for the filing of habeas petitions by state prisoners whose convictions became final before effective date of AEDPA).

Although the one-year limitations period is tolled by any state post-conviction proceeding properly filed during that one-year period, 28 U.S.C. § 2244(d)(2), Petitioner's post-conviction application did not statutorily toll the limitations period because it was filed after the applicable one-year limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). Hence, Petitioner's habeas Petition cannot be deemed timely filed unless Petitioner establishes he is entitled to equitable tolling of the one-year limitations period.

In this circuit, the § 2244(d)(1) limitations period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). In Miller, the circuit court contemplated that extraordinary circumstances, *i.e.*, "a constitutional

---

[1] Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court allows a litigant to file a petition for writ of certiorari in that Court within ninety days after the state court of last resort enters its judgment. Sup. Ct. R. 13.1.

violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the §2244(d)(1) limitations period. Id. at 978. Equitable tolling is appropriate "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period" but is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, the Tenth Circuit has recognized that §2244(d)(1) "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808.

When the Petitioner's previous habeas petition was considered in this Court, District Judge Leonard found that Petitioner had not established any basis for equitable tolling of the limitations period. However, Petitioner asserts in the Petition that equitable tolling should now apply to extend the limitations period because he was "attempting throughout the twelve year period ... to obtain his trial transcripts to prepare his post-conviction case" but the "State would not provide petitioner a free copy of the transcripts under state law unless he first filed his application and raised a genuine need for the transcript." Petitioner asserts that he did not obtain a copy of the trial transcripts until "his family only recently agreed to assist him in this matter and purchased the transcripts in his behalf." Petition, at 14.

Petitioner has not shown that, due to circumstances beyond his control, he was unable to pursue his federal claims for almost ten years. Petitioner admits that he was advised he could request a copy of his trial transcripts at state expense if he first filed his post-conviction

application and established a need for the transcripts. He does not explain why he did not diligently pursue his federal claims, nor has he shown any extraordinary circumstances sufficient to warrant the equitable tolling of the limitation period. Accordingly, the Petition should be dismissed on the basis that it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 24th___ , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___4th___ day of ___April___, 2007.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE