## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TORRIE PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. CIV-07-383-HE |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Petitioner Torrie Parker, a state prisoner appearing *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). The magistrate judge concluded that the limitations period expired in April, 1997, and that the petitioner had failed to demonstrate that the one-year limitations period should be equitably tolled.[1]

The petitioner filed an objection claiming his petition is not time-barred because he diligently pursued his claims in state court. The ten year delay was occasioned, he asserts, by the problems he had in obtaining a copy of his trial transcript. The court is not persuaded.

Having conducted a de novo review, the court concurs with Magistrate Judge

---

[1] The is the second habeas petition the petitioner has filed. A prior petition was dismissed on February 4, 1999, the judge concluding the action was untimely and that no statutory or equitable basis existed for tolling the limitations period. Parker v. Snider, CIV-98-605-L (W.D.Okla. Feb. 4, 1999).

Purcell that the statutory year to file has expired with respect to the petitioner's claim of ineffective assistance of counsel, *see* 28 U.S.C. § 2244(d)(1)(A), and that, in the circumstances of this case, the limitations period is not subject to equitable tolling. Accordingly, the court adopts Magistrate Judge Purcell's Report and Recommendation and **dismisses** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

Dated this 27th day of June, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE